# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5894 | **DATE** | August 9, 2012 |
| **CASE TITLE** | Birk vs. Kraft Foods, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion (Doc [4]) for leave to proceed in forma pauperis is granted. Plaintiff's motion (Doc [5]) for appointment of counsel is denied without prejudice. The Clerk of Court is directed to issue summons and complaint.

■[ For further details see text below.]  Docketing to mail notices.

### ORDER

This case comes before the Court on the motions of Carol R. Birk ("Birk") to proceed *in forma pauperis*, without prepayment of fees, and for appointment of counsel. For the reasons stated below, the Court grants Birk's motion to proceed *in forma pauperis* but denies her motion for appointment of counsel without prejudice.

A litigant may proceed *in forma pauperis* if she is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). According to Birk's financial affidavit, she has been unemployed since December 2006 and receives $2,200 per month in social security income and pension payments. She maintains less than $200 in a bank account and does not own any assets with a value in excess of $1,000. Based on these facts, we conclude that Birk is unable to pay the mandated court fees. We therefore grant her motion to proceed *in forma pauperis*.

Turning to Birk's motion for appointment of counsel, a district court may request that an attorney represent a party if the party is unable to afford or obtain counsel and the party is unable to represent herself competently. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). A court may grant a motion for appointment of counsel if: (1) the indigent plaintiff has made a reasonable attempt to obtain counsel, or has been effectively

| ORDER |
|---|

precluded from doing so; and (2) given the difficulty of the case, the plaintiff is not competent to litigate the case herself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Birk appears to have made a reasonable attempt to obtain counsel. However, her relatively straightforward employment discrimination case does not present sufficiently difficult issues which would prevent her from representing herself at this early stage of the litigation. Accordingly, Birk's motion for appointment of counsel is denied without prejudice.

Date: August 9, 2012

*Charles P. Kocoras*

**CHARLES P. KOCORAS**
**U.S. District Judge**